### DEJAY STORES, Inc. v. FEDERAL TRADE COMMISSION.

No. 77, Docket 22391.

United States Court of Appeals
Second Circuit.

Argued Dec. 8, 1952.

Decided Dec. 30, 1952.

Gallop Climenko & Gould, New York City, for petitioner; Milton S. Gould, Martin I. Shelton, New York City, of Counsel.

W. T. Kelley, Gen. Counsel, Robert B. Dawkins, Asst. Gen. Counsel, and Donovan Divet, Sp. Atty., Washington, D. C., for Federal Trade Commission, respondent.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

Affirming the decision of a Hearing Examiner, the Federal Trade Commission on April 10, 1952, ordered the petitioner to cease and desist from using various devices to obtain addresses of delinquent debtors because such devices had been found to be deceptive and misleading in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 45(a). The Hearing Examiner found that prior to 1943 the petitioner had sent delinquent debtors at their last known address a double post card reading: "Due to the shortage of transportation and manpower, we are unable to interview you personally. So please fill out detachable card and mail in. Respectfully yours, Personnel Management Bureau." The return card contained blanks which if filled in would provide petitioner with the debtor's address, and present employment status. It was also found that prior to 1946 a double post card addressed to debtors had been sent—reading as follows: "Dejay Service Co., 114 East 23rd St., New York, N. Y. NOTICE OF GOODS FOR DELIVERY. We are holding a package addressed to ......... which we have been unable to deliver because of incorrect address. Same will be forwarded upon receipt of the attached card properly filled in with

the correct address of the above party. DEJAY SERVICE Co." The petitioner was found to be presently using a form letter in simulated handwriting, addressed to references furnished by the delinquent debtor at the time of his purchase: "I understand that you are a friend of ......... I have an important letter for ......... so please let me have the correct address. Thanks. J. King." The return envelope bore the address of "J. King, 10th Floor, 114 East 23rd St., New York 10, N. Y." The petitioner's practice was to write to debtors whose payments had been delinquent for two months or more requesting prompt payment. If this dun was returned by the post office because the addressee could not be located, the form signed "J. King" was sent to the debtor's references. "J. King" is John King, the petitioner's comptroller who supervises the collection of unpaid balances. It was found that the purpose of the form was to obtain the debtor's present address; the dunning letter, returned by the post office, was the only letter which the petitioner had for the debtor. The Hearing Examiner found that although the representation in this form letter was not literally false, "it and the circumstances surrounding its use are deceptive and misleading to the recipient," since a recipient of ordinary intelligence would not realize the real purpose of the letter.

The petitioner was ordered to cease using the names "Personnel Management Bureau" and "Dejay Service Co.," and from using any other material representing that its business is other than that of retailing merchandise. Also proscribed were representations that persons about whom information was sought were consignees of goods or packages in the hands of the petitioner, or that the information sought was to enable the petitioner to deliver the packages. The Commission further forbade the use of letters for the purpose of obtaining the current address of delinquent customers which represented that any person other than the petitioner has a letter for delivery to the delinquent debtor. The Federal Trade Commission affirmed the order of the Hearing Examiner.

■ The petitioner's first contention is that the "J. King letter" does not constitute an unfair or deceptive practice within the meaning of the Federal Trade Commission Act. It is clear that, while the letter is literally true, the information is sought on behalf of the store to assist it in collecting its debt, and not on behalf of an individual named J. King to enable him to forward an important personal letter to the delinquent. Cf. Silverman v. Federal Trade Commission, 9 Cir., 145 F.2d 751; Rothschild v. Federal Trade Commission, 7 Cir., 200 F.2d 39; Bennett v. Federal Trade Commission, D.C.Cir., 200 F.2d 362. The fact that there is no actual evidence that anyone is likely to be deceived does not impair the finding that the letter was misleading. The petitioner intended it to be deceptive, and as used it obviously was so.

■ The petitioner asserts that the cease and desist order should not have included the two forms which it had voluntarily abandoned in 1943 and 1946, because the finding that the cessation was not permanent, complete or in good faith was not supported by the evidence. Since it is clear that the petitioner continued its campaign to trace its debtors by using the "J. King" letter which, though less flagrantly deceptive than the earlier practices, had the same purpose and effect, the Commission was justified in such a finding and in acting to prevent a renewal of the earlier methods. A court should interfere with the Commission's discretion in making an order to prevent the resumption of a discontinued practice only when it appears that the practice has been "surely stopped." See Eugene Dietzgen Co. v. Federal Trade Commission, 7 Cir., 142 F.2d 321, 330–331, certiorari denied 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 586.

■ ■ Finally, the petitioner asserts that the requisite public interest for the Commission to act was not shown to exist. But it is not necessary to establish that the person deceived has suffered any pecuniary loss. Federal Trade Commission v. Algoma Lumber Co., 291 U.S. 67, 78, 54 S.Ct. 315, 78 L.Ed. 655. The Federal Trade Commission's conclusion that it is in the public interest to require that creditors should not use dishonest methods in collecting their debts is within its discretion. See Federal Trade Commission v. Klesner, 280 U.S. 19, 27–28, 50 S.Ct. 1, 74 L.Ed. 138. Orders preventing similar practices have been upheld in three circuits. Silverman v. Federal Trade Commission, 9 Cir., supra; Rothschild v. Federal Trade Commission, 7 Cir., supra; Bennett v. Federal Trade Commission, D.C. Cir., supra.

The petition to set aside the order of the Commission is denied, and pursuant to 15 U.S.C.A. § 45(c) it is ordered that petitioner comply with the order of the Federal Trade Commission.