ROBERT IRA MAYTON v. HIATT'S USED CARS, INC. AND ROBERT F. HIATT, III

No. 7918DC141

(Filed 19 February 1980)

1. Attorneys at Law § 7.5; Unfair Competition § 1— unfair trade practice—attorney fees

In a private action to recover damages for an unfair and deceptive act in the conduct of trade in violation of G.S. 75-1.1, the plaintiff, in order to be the "prevailing party" within the meaning of the statute permitting an award of an attorney fee to be taxed as part of the costs, G.S. 75-16.1, must prove not only a violation of G.S. 75-1.1 by the defendant but also that plaintiff has suffered actual injury as a result of that violation.

2. Attorneys at Law § 7.5; Unfair Competition § 1— unfair trade practice—misrepresentations in sale of automobile—finding of no injury—improper award of attorney fees

In an action to recover damages under G.S. 75-1.1 for misrepresentations as to the condition and history of an automobile sold to plaintiff, the trial court erred in allowing an attorney fee to plaintiff's attorneys to be taxed as a part

of the costs and paid by defendants where the jury found that defendant salesman made the false representations but that plaintiff suffered no injury as a proximate result of the salesman's representations, since plaintiff was not the "prevailing party" within the meaning of G.S. 75-16.1, and there was no support for the trial judge's finding that there was an unwarranted refusal by defendants to pay a claim which the jury's verdict established plaintiff did not have.

APPEAL by defendants from *Williams, Judge*. Judgment dated 27 September 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 16 October 1979.

In December 1974 plaintiff purchased a used 1972 Volkswagen automobile from the defendant, Hiatt's Used Cars, Inc. In October 1976 plaintiff brought this action against the selling company and its salesman, Robert F. Hiatt, III, alleging that plaintiff had been induced to purchase the automobile through false representations made by the salesman which constituted unfair and deceptive acts in the conduct of trade in violation of G.S. 75-1.1. He prayed for treble damages and attorney fees pursuant to G.S. Ch. 75. Defendants answered, denying making false representations and alleging that the Volkswagen had been sold without warranties on a "condition as is" basis.

At trial before a jury at the 11 September 1978 session of district court, plaintiff presented evidence to show that the salesman represented to him that the automobile had never been wrecked and had been purchased from the estate of an elderly lady, whereas plaintiff discovered three months after the purchase that extensive body work had been done on the Volkswagen as result of a wreck and the parties stipulated prior to trial that the automobile had been purchased from Jack Hurt Salvage, Inc. Plaintiff's evidence also showed that between the time he purchased the Volkswagen in December 1974 and the time he disposed of it approximately three years later, he had to have repair work done on a number of occasions for which he incurred costs of approximately $135.00. During that time he drove the Volkswagen approximately 65,000 miles and the automobile was involved in two accidents.

Defendant's evidence indicated that the salesman had not told the plaintiff that the automobile had never been wrecked or that it had been purchased from the estate of an elderly lady.

The jury answered issues as follows:

1. Did the defendant, Robert F. Hiatt, III, represent to the plaintiff, Robert Mayton, that the used 1972 Volkswagen automobile had never been wrecked?

ANSWER: Yes

2. Did the defendant, Robert F. Hiatt, III, represent to the plaintiff, Robert Mayton, that the used 1972 Volkswagen automobile had been purchased from an estate?

ANSWER: Yes

3. Was Robert Hiatt, III the agent of Hiatt's Used Cars at the time of the sales transaction which is the subject of this lawsuit?

ANSWER: Yes

4. What amount, if any, is the plaintiff Robert Mayton, entitled to recover from the defendants, Robert F. Hiatt, III, and Hiatt's Used Cars, Inc.?

ANSWER: None

After return of the verdict, plaintiff's counsel moved for an award of attorney fees under G.S. 75-16.1. The court entered judgment finding as facts that defendants willfully represented to plaintiff that the automobile had never been wrecked and had been purchased from an estate, and finding there was an unwarranted refusal by the defendants to pay the claim of the plaintiff which constituted the basis of this suit. The court concluded that the representations made by defendants constituted unfair trade practices in violation of G.S. 75-1.1 and that plaintiff's attorneys were entitled to an award of attorney fees under G.S. 75-16.1 to be taxed as part of the costs to be paid by the defendants. The court adjudged that plaintiff recover no compensable damages from defendant but ordered defendant to pay $2000.00 into the office of the clerk of court as attorney fees for plaintiff's attorneys. From this judgment, defendants appeal.

*Steven G. Gibson for plaintiff appellee.*

*Hugh C. Bennett, Jr., for defendant appellants.*

*Lovelace, Gill & Snow by James E. Gill, Jr., and James M. Snow for Carolina Independent Automobile Dealers Association, Inc., amicus curiae.*

PARKER, Judge.

The question presented by this appeal is whether G.S. 75-16.1 authorized the trial judge under the circumstances of this case to allow an attorney fee to plaintiff's attorneys to be taxed as part of the costs and paid by the defendants. We hold that it did not.

G.S. 75-16.1, which was enacted by Section 1 of Ch. 614 of the 1973 Session Laws, effective 18 May 1973, provides as follows:

§ 75-16.1 *Attorney fee.*—In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:

(1) the party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to pay the claim which constitutes the basis of such suit; or

(2) the party instituting the action knew, or should have known, the action was frivolous and malicious.

This statute authorizes the presiding judge, in any suit instituted by a person who alleges the defendant violated G.S. 75-1.1, to allow in his discretion a reasonable attorney fee to the attorney "representing the prevailing party, such attorney fee to be taxed as part of the court costs and payable by the losing party," upon the judge's making certain specified factual findings. Subsection (1) of G.S. 75-16.1 sets forth the findings which must be made when the plaintiff is the "prevailing party" and defendant the "losing party" who is ordered to pay the attorney fee. Subsection (2) of G.S. 75-16.1 specifies the findings which must be made when the reverse is the case, and the defendant is the "prevailing par-

ty" and plaintiff the "losing party" who is ordered to pay such fee. In either case the award may only be made to the "prevailing party."

Plaintiff contends that the jury's answers to the first three issues establish that defendants violated G.S. 75-1.1, and, therefore, that he was the "prevailing party" in this suit even though he failed to show he had suffered any damages. Although proof of a violation of G.S. 75-1.1 is, of course, necessary before a plaintiff may be a "prevailing party" within the meaning of G.S. 75-16.1, we express no opinion on whether the jury's answers to the first three issues in the present case adequately establish such a violation. Even if it should be conceded that a violation of G.S. 75-1.1 was shown, for the reasons hereinafter stated, plaintiff was not the "prevailing party," nor was there any competent evidence to support the court's finding of an unwarranted refusal by defendants to pay plaintiff's claim.

G.S. 75-1.1, as in effect in 1974 when the sale giving rise to the present action was made, provided in pertinent part as follows:

> *Methods of competition, acts and practices regulated; legislative policy.* —
>
> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

This statute was enacted in 1969 by Ch. 833 of the 1969 Session Laws, which was entitled "An Act to amend Chapter 75 of the General Statutes to provide civil remedies against unfair methods of competition and unfair or deceptive acts or practices in trade or commerce."

Although G.S. 75-1.1 was patterned after § 5 of the Federal Trade Commission Act, the General Assembly chose to rely on methods of enforcement already in existence within Chapter 75 of the General Statutes as well as to create new methods. Under broad authority granted by G.S. 75-14, the Attorney General has power to obtain mandatory orders to carry out the provisions of Chapter 75, and under G.S. 75-15.1, the presiding judge has power in any suit brought by the Attorney General to order "the restoration of any moneys or property and the cancellation of any

contract obtained by any defendant as a result of such violation." This type of public enforcement through the office of the Attorney General is similar to enforcement of § 5 of the Federal Trade Commission Act insofar as its purpose is to vindicate the public interest rather than to redress individual grievances. In looking to the federal decisions for guidance it is apparent that the Federal Trade Commission need not show that actual injury has resulted, merely that the act or practice complained of adversely affects the public interest. *See, e.g., United States Retail Credit Association, Inc. v. FTC*, 300 F. 2d 212 (4th Cir. 1962); *Dejay Stores v. FTC*, 200 F. 2d 865 (2nd Cir. 1952); *see also,* "Consumer Protection and Unfair Competition in North Carolina — The 1969 Legislation", 48 N.C.L. Rev. 896 (1970). Similarly, there is no suggestion in our own statutory scheme that the Attorney General would be required to prove such actual injury. However, G.S. 75-16, which grants a private right of action foreign to the Federal Trade Commission Act, does provide otherwise. Unlike G.S. 75-1.1, which is of recent origin, G.S. 75-16 was adopted in substantially its present day form by the General Assembly in 1913 Public Laws Ch. 41, Sec. 14. The intent of the statute as originally enacted was to permit recovery by injured parties for antitrust violations which damaged the parties' business. In *Lewis v. Archbell*, 199 N.C. 205, 154 S.E. 11 (1930), the plaintiff brought private action under this provision to recover damages for violation of the monopoly statute. Our Supreme Court, in construing the statute, stated:

> It is obvious that the mere violation of the [monopoly] statute will not warrant a recovery of damages. The burden is upon the complaining party to show by competent evidence that his business has been broken up, destroyed or injured as the proximate result of such violation. . . . Whether there be a causal relation between the violation of the statute and the injury complained of is an issue of fact for jury . . . .

199 N.C. at 206, 154 S.E. at 12.

As amended by the General Assembly in 1969 Sess. Laws Ch. 833, G.S. 75-16 provides:

> *Civil action by person injured; treble damages.* — If any person shall be *injured* or the business of any person, firm or corporation shall be broken up, destroyed or injured by

reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation *so injured* shall have a right of action on account of such injury done, and if damages are assessed by a jury in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict. (emphasis added)

[1] Although the statute now provides a right of action for violations of individual consumer rights which were not contemplated at the time its predecessor was adopted in 1913, it is clear that the essential cause of action has remained unchanged. In the absence of any legislative indication that G.S. 75-16 is now intended to permit an individual to act in the role of a private attorney general rather than in that of an aggrieved party, we hold that in a private action to recover damages for a violation of G.S. 75-1.1, the plaintiff, in order to be the "prevailing party" within the meaning of G.S. 75-16.1, must prove not only a violation of G.S. 75-1.1 by the defendant, but also that plaintiff has suffered actual injury as a result of that violation.

[2] In the present case the jury found that the individual defendant had made certain representations as to the condition and history of the 1972 Volkswagen which plaintiff purchased. However, on the issue of damages, the jury found that plaintiff was entitled to recover nothing. This was in essence a determination that plaintiff suffered no injury as a proximate result of defendant's representations. Thus, plaintiff's contention that he prevailed on the issue of liability is meritless, because the jury's determination on the damage issue deprived him of an essential element of his cause of action, i.e., actual injury. Thus, plaintiff here was not the prevailing party within the meaning of G.S. 75-16.1. In addition, on the present record there is no support for the trial judge's finding that there was an unwarranted refusal by defendants to pay a claim which the jury's verdict establishes plaintiff did not have.

In a brief filed by Carolina Independent Automobile Dealers Association, Inc., as amicus curiae, a question was raised as to the constitutionality of G.S. 75-16.1. That question is not properly before the Court on this appeal since it was not raised in the court below. *Johnson v. Highway Commission*, 259 N.C. 371, 130

S.E. 2d 544 (1963); *Phillips v. Shaw, Comr. of Revenue*, 238 N.C. 518, 78 S.E. 2d 314 (1953).

Defendants have assigned error to various orders of the trial court directed to their attempts to stay execution of the judgment entered against them. Because of our disposition of this case, we do not address the propriety of these orders. In event execution has in fact been levied or the defendants have otherwise been forced to pay the judgment pending this appeal, defendants are entitled to restitution. *See, Boyette v. Vaughan*, 86 N.C. 725 (1882).

For the reasons stated, so much of the judgment appealed from as assesses an attorney fee and taxes costs against defendants is reversed. That portion of the judgment which adjudges that plaintiff recover no compensable damages from defendants, being supported by the verdict, is affirmed. Plaintiff shall pay the costs.

Affirmed in part.

Reversed in part.

Judges CLARK and MARTIN (Robert M.) concur.