LINDA REINHOLD, PLAINTIFF v. MATTIE LUELLA LUCAS, DEFENDANT/THIRD-PARTY
PLAINTIFF v. ROBERT FRANCIS REINHOLD, THIRD-PARTY DEFENDANT

No. COA04-140

(Filed 4 January 2005)

**1. Appeal and Error— issue first raised on appeal—not considered**

Plaintiff raised for the first time on appeal (and therefore could not argue) that injuries to her neck and wrist were separate and distinct for purposes of N.C.G.S. § 1B-4 and a payment received by plaintiff from a third-party defendant.

**2. Costs— attorney—fees—judgment less than zero**

The trial court did not err by awarding attorney fees to plaintiff where the damages to be recovered were reduced to less than zero after deduction of a payment received from a third-party defendant. Under N.C.G.S. § 6-21.1, as long as the amount is less

than $10,000, the precise amount awarded is of no consequence; a judgment for less than zero is still a judgment.

**3. Costs— award—judgment exceeding offer—calculation of judgment amount—attorney fees included**

The trial court did not err by awarding costs to plaintiff where the final judgment exceeded defendant's offer when attorney fees were included and the judgment was reduced by the amount paid by a third-party defendant.

Appeal by plaintiff from judgment entered 8 October 2003 and by defendant from judgment and order entered 8 October 2003 by Judge Milton F. Fitch, Jr. in Superior Court, Wilson County. Heard in the Court of Appeals 13 October 2004.

*Anderson Law Firm, by Michael J. Anderson, for plaintiff.*

*Baker, Jenkins, Jones, Murray, Askew & Carter, PA, by Ernie K. Murray and Kevin N. Lewis, for defendant/third-party plaintiff.*

McGEE, Judge.

Linda Reinhold (plaintiff) suffered an injury to her wrist and an injury to her neck in a vehicle collision on 1 October 1999. Plaintiff was a passenger in a vehicle owned and driven by Robert Francis Reinhold (third-party defendant). Third-party defendant stopped suddenly and collided with the vehicle in front of him. At the same time, a vehicle driven by Mattie Luella Lucas (defendant) collided with the rear of third-party defendant's vehicle.

Plaintiff filed a complaint on 6 April 2001, alleging that defendant's negligence caused plaintiff's injuries. Defendant denied these allegations and joined third-party defendant, seeking contribution from him should defendant be determined to be negligent. Third-party defendant filed a counterclaim against defendant for damages due to defendant's collision with third-party defendant's vehicle. Defendant again denied that she was negligent and asserted contributory negligence as an affirmative defense to third-party defendant's claims. Defendant served plaintiff with an offer of judgment in the amount of $3,000 on 20 September 2001, which plaintiff refused. Plaintiff settled her claim against third-party defendant for $5,000 on 6 June 2002, releasing him from further action.

At trial, defendant admitted negligence, but did not admit that her negligence was the proximate cause of plaintiff's or third-party defendant's injuries. Evidence presented by plaintiff showed that the medical expenses for her injuries were in excess of $9,600, and that her wrist injury was more likely caused by the first collision, rather than by the second collision. The jury found defendant's negligence to be the cause of plaintiff's and third-party defendant's injuries and awarded plaintiff $4,500. The jury also found that third-party defendant was not entitled to recover for his personal injuries, or for property damage, because he was contributorily negligent.

Pursuant to N.C. Gen. Stat. § 1B-4, the trial court reduced plaintiff's $4,500 award by the $5,000 paid to plaintiff by third-party defendant. The damages therefore owed by defendant were less than zero dollars and the trial court entered an order on 8 October 2003 denying plaintiff compensatory damages from defendant. Pursuant to N.C. Gen. Stat. § 6-21.1, the trial court ordered defendant to pay plaintiff's attorney's fees of $7,500 and $1,382.65 in costs.

Plaintiff appeals the judgment denying compensatory damages from defendant; defendant appeals the award to plaintiff of costs and attorney's fees and the denial of defendant's request for costs.

## I. Plaintiff's Appeal

**[1]** Plaintiff argues the trial court erred when it reduced the amount of the judgment entered against defendant by the sum of money that plaintiff had received from third-party defendant. Specifically, plaintiff argues that N.C.G.S. § 1B-4 does not apply in this case. N.C. Gen. Stat. § 1B-4 (2003) provides:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

(1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and,

(2) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

Plaintiff correctly states that for N.C.G.S. § 1B-4 to apply, there must be a single indivisible injury, but plaintiff now argues that she had two distinct injuries: her wrist injury and her neck injury. Plaintiff asserts that third-party defendant alone was liable for the wrist injury, and plaintiff suggests that the settlement with third-party defendant related only to plaintiff's wrist injury. Plaintiff supports her argument by directing us to the 8 October 2003 order in which the trial court stated that "it appears to the Court that the jury awarded damages for [plaintiff's] alleged neck injury in the amount $4,500.00." The trial court based this statement on the fact that plaintiff had: (1) alleged she suffered two injuries, (2) presented evidence that she had put her hands on the dashboard to brace for impact from third-party defendant's sudden stop, and (3) testified that her hands were moving towards the dashboard but did not hit the dashboard when defendant's vehicle collided with third-party defendant's vehicle. The trial court based its assumption that the jury awarded damages only for the neck injury on the testimony of an orthopedist. The orthopedist had opined that the wrist injury most reasonably occurred during the first impact.

Plaintiff, however, raises this argument for the first time on appeal. N.C.R. App. P. 10(b)(1) requires that for an issue to be preserved for appeal, it first "must have been presented to the trial court." While the record on appeal does not include a transcript, there is sufficient evidence in the record demonstrating that at trial, plaintiff was seeking recovery for both injuries. She did not separate the injuries as being caused by two distinct collisions. Plaintiff's complaint does not delineate the different injuries she suffered; it merely seeks damages in excess of $10,000 for medical expenses, among other things. The trial court's 8 October 2003 order stated that "[p]laintiff alleged to suffer from two injuries following the wreck: a neck injury and carpal tunnel syndrome; the latter being a condition involving the median nerve at the level of the wrist." The order also stated that the trial court "noted that special damages for both the neck injury and carpal tunnel syndrome total in excess of $9,600.00." Additionally, the verdict sheet did not distinguish between the wrist injury and the neck injury. Rather, the jury was asked if plaintiff was "injured or damaged by the admitted negligence of the defendant," and if so, what amount the plaintiff was entitled to recover. The record therefore shows that plaintiff contended both of her injuries were caused by defendant. Plaintiff cannot now argue that the injuries to her neck and to her wrist were separate and distinct injuries caused by two collisions.

Furthermore, plaintiff's argument depends on the assumption that the jury concluded that defendant alone caused plaintiff's neck injury. As discussed above, the record does not show that plaintiff contended at trial that her injuries were caused by two distinct collisions. Even if the jury decided that plaintiff's wrist injury could only have been caused by the first collision, it does not logically follow that it concluded that the neck injury was a result only of the second collision.

We dismiss plaintiff's appeal.

## II. Defendant's Appeal

[2] First, defendant argues that the trial court erred in awarding attorney's fees to plaintiff. "As a general rule, in the absence of some contractual obligation or statutory authority, attorney fees may not be recovered by the successful litigant as damages or a part of the court costs." *Washington v. Horton*, 132 N.C. App. 347, 349, 513 S.E.2d 331, 333 (1999) (citing *Hicks v. Albertson*, 284 N.C. 236, 238, 200 S.E.2d 40, 42 (1973)). However, N.C. Gen. Stat. § 6-21.1 was enacted as an exception to this general rule. *Washington*, 132 N.C. App. at 349, 513 S.E.2d at 333. N.C. Gen. Stat. § 6-21.1 (2003) provides that:

> In any personal injury or property damage suit . . . where the judgment for recovery of damages is ten thousand dollars ($ 10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

A trial court's award for attorney's fees may only be overturned on appeal if the trial court abused its discretion. *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 570, 551 S.E.2d 852, 855 (2001). Abuse of discretion occurs where a trial court's determination cannot be supported by reason. *Id.* We find no abuse of discretion in the present case.

Defendant does not argue that the trial court abused its discretion. Rather, defendant argues that the trial court erred when it ordered defendant to pay plaintiff's attorney's fees pursuant to N.C.G.S. § 6-21.1, because plaintiff "did not recover a 'judgment for damages' from Defendant." The jury determined that plaintiff was entitled to recover $4,500 in damages from defendant. Since defendant and third-party defendant were joint tortfeasors, the trial court properly reduced the amount of damages that defendant would have

to pay plaintiff by the $5,000 settlement between plaintiff and third-party defendant. The result of this reduction was that the judgment for damages was less than zero, and thus defendant was not ordered to pay any damages to plaintiff. Defendant argues that because the damages were less than zero, there was no judgment for damages. We disagree.

N.C. Gen. Stat. § 6-21.1 applies when "the judgment for recovery of damages is ten thousand dollars ($10,000) or less." The statute does not refer to the amount of compensatory damages awarded; it specifically refers to a "judgment for recovery of damages." N.C.G.S. § 6-21.1. As long as the amount of damages awarded is less than $10,000, the precise amount awarded is of no consequence. A judgment for zero dollars or a judgment for less than zero dollars, as is the case here, is nevertheless a judgment, and N.C.G.S. § 6-21.1 applies.

Although the Courts of this state have not previously determined this issue, we can analogize the awarding of attorney's fees under N.C.G.S. § 6-21.1 to awarding them under N.C. Gen. Stat. § 75-16.1 (2003), which provides:

> In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon [certain findings].

In addition to showing that a defendant violated N.C.G.S. § 75-1.1, our Court has held that a plaintiff must prove that the plaintiff has suffered an actual injury to be "the 'prevailing party' within the meaning of G.S. 75-16.1." *Mayton v. Hiatt's Used Cars*, 45 N.C. App. 206, 212, 262 S.E.2d 860, 864, *disc. review denied*, 300 N.C. 198, 269 S.E.2d 624 (1980). In *Mayton,* we reversed the trial court's grant of attorney's fees pursuant to N.C.G.S. § 75-16.1 where the jury, in spite of finding that the defendants violated N.C. Gen. Stat. § 75-1.1, found that the plaintiff was not entitled to recover damages. *Mayton,* 45 N.C. App. at 208, 262 S.E.2d at 861-62. Since the jury in *Mayton* had not awarded the plaintiff any damages, the plaintiff could not be the prevailing party because the plaintiff had not suffered any actual injury as a proximate result of the defendants' actions, and thus the plaintiff was not entitled to attorney's fees. *Id.* at 212, 262 S.E.2d at 864.

While the present case does not involve N.C.G.S. § 75-16.1, the principle that attorney's fees may be awarded to the prevailing party

is the same. N.C.G.S. § 6-21.1 does not specifically use the language "prevailing party," but it applies to the prevailing party or "successful litigant" when it permits the trial court to grant attorney's fees only to the party "obtaining a judgment for damages." Unlike the plaintiff in *Mayton*, plaintiff in this case did suffer actual injuries and the jury recognized these injuries by awarding plaintiff $4,500 in damages. Plaintiff obtained a judgment for damages and was the prevailing party. Plaintiff was thus entitled to receive attorney's fees under N.C.G.S. § 6-21.1. Reducing the judgment by the amount paid to plaintiff by third-party defendant does not change the fact that plaintiff obtained a judgment for damages against defendant.

Furthermore, the purpose of N.C.G.S. § 6-21.1 is

to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations.

*Hicks*, 284 N.C. at 239, 200 S.E.2d at 42. As mentioned above, plaintiff in this case did sustain injury, which was caused by defendant's negligence. With the amount plaintiff recovered being reduced to less than zero, she could not have paid her attorney from her recovery and it would not have been "economically feasible" for plaintiff to bring her claim. Moreover, we note that "[t]his statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope." *Id.* The trial court did not err in awarding attorney's fees to plaintiff where damages to be recovered were reduced to less than zero.

**[3]** Second, defendant argues that the trial court erred in not awarding costs to defendant. Specifically, defendant argues that plaintiff should pay defendant's attorney's fees and costs because costs are shifted to the party who fails to accept an offer of judgment when "the judgment finally obtained is not more favorable than the offer." *See* N.C. Gen. Stat. § 1A-1, Rule 68 (2003). However, defendant's argument on this issue is dependent upon defendant prevailing on her first argument. Since attorney's fees were properly awarded to plaintiff, the final judgment obtained by plaintiff was more favorable than defendant's $3,000.00 offer of judgment. The trial court found the judgment

to be $13,382.65, which was comprised of $4,500 awarded by the jury, $7,500 in attorney's fees, and $1,382.65 in costs. Our Supreme Court has construed "judgment finally obtained" to be

> "the amount ultimately and *finally* obtained by the plaintiff from the court which serves as the measuring stick for purposes of Rule 68. For these reasons, we conclude that, within the confines of Rule 68, 'judgment finally obtained' means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by any applicable adjustments, by the respective court in the particular controversy, not simply the amount of the jury's verdict."

*Roberts v. Swain*, 353 N.C. 246, 249, 538 S.E.2d 566, 568 (2000) (quoting *Poole v. Miller*, 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995)). Attorney's fees are properly included when calculating the amount of the final judgment. *See Roberts*, 353 N.C. at 249, 538 S.E.2d at 568. The trial court properly found that "[t]he judgment of $13,382.65, exclusive of interest, exceeds the offer of judgment of [$3,000] even if reduced by $5,000.00 paid by the third-party defendant." The trial court did not err in awarding attorney's fees and costs to plaintiff and in denying them to defendant.

Dismissed in part and affirmed in part.

Judges McCULLOUGH and ELMORE concur.