ENVIROSAFE PAINTS, INC. and PEGGY D. WILLIAMS, Plaintiffs-Appellees,
v.
TIMOTHY CONKLIN, Defendant-Appellant.
No. COA04-1234
North Carolina Court of Appeals
Filed August 16, 2005
This case not for publication
Wake County No. 03 CVS 001917.
Brent E. Wood, PLLC, by Brent E. Wood, for plaintiffs-appellees.
Michael W. Strickland & Associates, P.A., by F. Todd Whitlow, for defendant-appellant.
McGEE, Judge.
Timothy Conklin (defendant), an independent contractor in the cosmetics industry, attempted to conduct business with Envirosafe Paints, Inc. (Envirosafe) and Peggy Williams (Williams) (collectively plaintiffs). Williams was the sole shareholder and president of Envirosafe. Defendant requested that plaintiffs do business with him in 2002, but plaintiffs declined for various reasons. Plaintiffs filed a complaint on 13 February 2003 alleging claims against defendant for tortious interference with contractual relations, assault, private nuisance, stalking, intentional and reckless infliction of emotional distress, and unfair and deceptive trade practices. In their complaint, plaintiffs also requested a temporary restraining order and a preliminary injunction against defendant.
Judge Evelyn W. Hill granted plaintiffs' motion for a temporary restraining order against defendant on 13 February 2003. A hearing on plaintiffs' motion for a preliminary injunction was held on 5 March 2003. In an order issued on the same date, Judge Howard E. Manning granted plaintiffs' preliminary injunction against defendant. Defendant filed an answer and counterclaim pro se on 17 March 2003, after the preliminary injunction had been granted. Plaintiffs filed a motion to dismiss defendant's counterclaim on 21 March 2003. The parties were ordered to mediate, but defendant failed to attend the mediation conference. Plaintiffs filed a motion to compel production of documents and a motion for sanctions on 24 June 2003 after defendant failed to timely comply with plaintiffs' discovery request. Plaintiffs also filed a motion for partial summary judgment on 21 July 2003. The motions were heard by the trial court on 8 August 2003. In an order entered 21 August 2003 by Judge John R. Jolly, the trial court granted plaintiffs' motions. The trial court also concluded that defendant's actions constituted tortious interference, assault, private nuisance, and stalking, and therefore plaintiffs were entitled to damages. The trial court ordered defendant to pay damages to plaintiffs in an amount to be subsequently determined by the trial court. The trial court also concluded that defendant's actions constituted unfair and deceptive trade practices, and thus plaintiffs were entitled to treble damages and attorney's fees pursuant to Chapter 75 of the North Carolina General Statutes.
Defendant employed counsel and filed a "motion to set aside judgment" on 11 September 2003. The matter of damages, expenses, and attorney's fees owed to plaintiffs was heard by the trial court on 19 May 2004. In an order entered 24 June 2004, Judge Robert H. Hobgood, noting that plaintiffs waived any amount of actual damages, ordered defendant to pay plaintiffs' attorney's fees in the amount of $400 for the discovery violation and $11,825 for the unfair and deceptive trade practices claim. Defendant appeals.
Defendant first argues that the trial court erred in awarding plaintiffs attorney's fees. We disagree. "A trial court's award for attorney's fees may only be overturned on appeal if the trial court abused its discretion." Reinhold v. Lucas, ___ N.C. App. ___, ___, 606 S.E.2d 412, 415 (2005) (citing Thorpe v. Perry-Riddick, 144 N.C. App. 567, 570, 551 S.E.2d 852, 855 (2001)). "Abuse of discretion occurs where a trial court's determination cannot be supported by reason." Reinhold, ___ N.C. App. at ___, 606 S.E.2d at 415. There is no evidence of an abuse of discretion by the trial court in the present case. It is clear from the detailed findings in the 21 August 2003 order that the trial court examined the record and made reasonable findings. Defendant does not argue that the trial court abused its discretion, but instead contends that plaintiffs do not meet the requirements to entitle them to attorney's fees under N.C. Gen. Stat. § 75-16.1. This statute provides that
[i]n any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1 [unfair or deceptive acts or practices in or affecting commerce], the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:
(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or
(2) The party instituting the action knew, or should have known, the action was frivolous and malicious.
N.C. Gen. Stat. § 75-16.1 (2003) (emphasis added). In looking at this statute, our Court has held that
[t]o award attorney's fees under the statute, the trial court must find: (1) plaintiff is the prevailing party; (2) defendant willfully engaged in the act at issue; and (3) defendant made an unwarranted refusal to fully resolve the matter. Even if the requirements are met, an award of attorney's fees under N.C. Gen. Stat. § 75-16.1 is in the trial court's discretion.
Evans v. Full Circle Productions, 114 N.C. App. 777, 781, 443 S.E.2d 108, 110 (1994) (emphasis added).
The substantive issues in the present case were decided in the 21 August 2003 order. Because defendant does not appeal the 21 August 2003 order, the trial court's findings of fact in the 21 August 2003 order are undisputed and are binding on appeal. See Onslow County v. Moore, 129 N.C. App. 376, 381, 499 S.E.2d 780, 784 (1998), disc. review denied, 349 N.C. 361, 525 S.E.2d 453 (1998)(declining to consider orders from which appellants had not filed notice of appeal). The 21 August 2003 order shows that each of the three elements laid out in Evans were met. In regard to the first element listed in Evans, that to award attorney's fees a trial court must find the plaintiff to be the prevailing party, see Evans, 114 N.C. App. at 781, 443 S.E.2d at 110, the trial court in the present case found that "there is no genuine issue as to any material fact as to the liability of . . . [d]efendant, and . . . [p]laintiffs are entitled to partial summary judgment as a matter of law as to the liability of . . . [d]efendant on all claims of . . . [p]laintiffs' [c]omplaint[.]" The trial court then held that plaintiffs were entitled to treble damages and attorney's fees, and that the only issues left to be determined were the amount of damages, reasonable expenses, and attorney's fees owed to plaintiffs. This language clearly indicates that plaintiffs were the prevailing party.
Defendant contends that plaintiffs are not the prevailing party because they did not suffer actual injury. We disagree. Our Court has held that "to be the `prevailing party' within the meaning of G.S. 75-16.1, [a plaintiff] must prove not only a violation of G.S. 75-1.1 by the defendant, but also that [the] plaintiff has suffered actual injury as a result of that violation." Mayton v. Hiatt's Used Cars, 45 N.C. App. 206, 212, 262 S.E.2d 860, 864 (1980) (emphasis added). The 21 August 2003 order, which is not disputed by defendant, clearly found that plaintiffs suffered actual injury. The order stated that "the actions of . . . [d]efendant . . . were in or affecting commerce and constitute[d] unfair and deceptive trade practices[.]" The order also stated that the actions of defendant constituted assault, "a private nuisance and violation of the rights of . . . [p]laintiffs[,]" and stalking, and that defendant's actions caused severe emotional distress to Williams. The order indicated that the trial court found that "[p]laintiffs [had] been damaged" as a result of defendant's actions and were thus entitled to have their damages trebled. These findings strongly demonstrate actual injury to plaintiffs. Therefore, defendant's argument notwithstanding, plaintiffs were the prevailing party in the action.
The second element required by Evans for the recovery of attorney's fees, namely that defendant must have "willfully engaged in the act at issue[,]" has also been met in the present case. See Evans, 114 N.C. App. at 781, 443 S.E.2d at 110. The 21 August 2003 order showed that defendant willfully engaged in unfair and deceptive trade practices. "Willful" has been defined as "`something more than an intention to do a thing. It implies doing the act purposely and deliberately, indicating a purpose to do it, without authority  careless whether [the defendant] has the right or not  in violation of law [.]'" Jones v. Jones, 52 N.C. App. 104, 110, 278 S.E.2d 260, 264 (1981) (quoting West v. West, 199 N.C. 12, 15, 153 S.E. 600, 602 (1930)). Willfulness "involves more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law." Forte v. Forte, 65 N.C. App. 615, 616, 309 S.E.2d 729, 730 (1983). As stated above, the trial court found in the 21 August 2003 order that defendant's actions constituted unfair and deceptive trade practices, stalking, assault, and a private nuisance. The extensive findings in the 21 August 2003 order support a strong inference that defendant made a deliberate and conscious choice to engage in deceptive trade practices and displayed a "bad faith disregard for authority and the law." Id.
The third element set out in Evans, that defendant must have "made an unwarranted refusal to fully resolve the matter[,]" has also been clearly met based on the information in the record. See Evans, 114 N.C. App. at 781, 443 S.E.2d at 110. The 21 August 2003 order found that defendant failed to serve a response to plaintiffs' request for production of documents and failed to offer any justification for his failure to respond. Additionally, defendant failed to appear for the mediation conference. These actions display defendant's "unwarranted refusal to fully resolve the matter." See id. Therefore, all three elements required by Evans for the awarding of attorney's fees under the N.C.G.S. § 75-16.1 are met in the present case.
Defendant analogizes the present case to Mayton, where our Court held that actual injury is required in order for the prevailing party to recover attorney's fees. Mayton, 45 N.C. App. at 212, 262 S.E.2d at 864. In Mayton, our Court reversed the trial court's grant of attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 because, despite finding that the defendants had violated N.C. Gen. Stat. § 75-1.1, the jury also found that the plaintiff was not entitled to recover damages. Mayton, 45 N.C. App. at 208, 262 S.E.2d at 861-62. Because the jury in Mayton did not award the plaintiff any damages, the plaintiff could not be the prevailing party because the plaintiff had not suffered any actual injury due to the defendants' actions. The plaintiff in Mayton was thus not entitled to attorney's fees. Id. at 212, 262 S.E.2d at 864. Mayton is distinguishable from the present case, where the trial court found that plaintiffs suffered actual injury to their business, were damaged by defendant's actions, and were entitled to recover treble damages. For the reasons stated above, defendant's argument is without merit, and the trial court did not err in awarding attorney's fees to plaintiffs under N.C.G.S. § 75-16.1.
Defendant next argues that plaintiffs were not entitled to attorney's fees under N.C.G.S. § 75-16.1 because plaintiffs waived actual damages and thus were not the prevailing party. We disagree.
As previously stated, defendant does not appeal any findings of the 21 August 2003 order, which clearly found plaintiffs to be the prevailing party. Plaintiffs agreed to waive actual damages in the present case because the preliminary injunction was the primary relief sought by plaintiffs, and the injunction had already been granted. This waiver should not affect the award of attorney's fees to plaintiffs, since the trial court found defendant liable on all of plaintiffs' claims, including unfair and deceptive trade practices, and concluded that defendant's actions constituted tortious interference with plaintiffs' business, assault, private nuisance, and stalking. The trial court held in the 21 August 2003 order that plaintiffs' business had suffered and "[p]laintiffs [had] been damaged" as a result of defendant's actions. The trial court clearly determined that plaintiffs were entitled to actual damages, and simply reserved the determination of the amount of damages for a later date. Cf. Reinhold v. Lucas, ___ N.C. App. ___, ___, 606 S.E.2d 412, 415-16 (2005) (holding that the plaintiff was still entitled to recover attorney's fees where the trial court reduced the amount of actual damages to less than zero); Pinehurst, Inc. v. O'Leary Bros. Realty, Inc., 79 N.C. App. 51, 64, 338 S.E.2d 918, 926 (1986), disc. review denied, 316 N.C. 378, 342 S.E.2d 896 (1986) (holding that the plaintiffs were entitled to recover attorney's fees where the defendants' actions caused a disruption of the plaintiffs' business, even though the plaintiffs had offered no proof of the actual monetary value of the damages).
In the present case, the fact that plaintiffs waived actual damages in an effort to lessen the burden on our judicial system should not allow defendant, who has engaged in unfair and deceptive trade practices and various outrageous behaviors, to benefit by deliberately not complying with the trial court's order. Therefore, we find defendant's argument to be without merit, and affirm the trial court's order granting attorney's fees to plaintiffs.
Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).