CHERI EVANS, Plaintiff v. FULL CIRCLE PRODUCTIONS, INC., D/B/A TOGETHER, Defendant

No. 9321DC207

(Filed 17 May 1994)

**1. Notice § 2 (NCI4th)— motions hearing—actual notice**

The trial court did not err by overruling plaintiff's objection to a hearing on motions where plaintiff made her motion under N.C.G.S. § 1A-1, Rule 6(d) and contended that she did not have notice of the hearing and was inadequately prepared, but it is clear that plaintiff had actual notice since the hearing was scheduled originally by plaintiff, plaintiff's notice of the hearing was evidenced by the telephone conversation between counsel for the parties during which plaintiff's counsel objected to her motion being heard, and, despite her acceptance of an offer of judgment, plaintiff was aware that the case remained pending for motions hearing. Moreover, plaintiff cannot show prejudice since her counsel subsequently appeared and his arguments were heard.

**Am Jur 2d, Notice §§ 32-40, 45-48.**

2. **Unfair Competition § 52 (NCI4th); Judgments § 115 (NCI4th) — attorney fees — offer of judgment — no prevailing party**

The trial court did not err by determining that plaintiff was not entitled to attorney fees pursuant to N.C.G.S. § 75-16.1 where plaintiff had accepted an offer of judgment. The first requirement for an award of attorney fees under that statute is that plaintiff be the prevailing party; however, where an offer of judgment is accepted by the plaintiff, there is no prevailing party or losing party and no admission or judgment of liability. Although plaintiff's attorney fees exceeded her recovery in the settlement, nothing prevented her from bargaining for attorney fees as part of the Rule 68 offer of judgment.

**Am Jur 2d, Judgments § 184; Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

**Award of attorneys' fees in actions under state deceptive trade practice and consumer protection acts. 35 ALR4th 12.**

Appeal by plaintiff from judgment and order entered 22 December 1992 by Judge Chester Davis in Forsyth County District Court. Heard in the Court of Appeals 7 December 1993.

*Robert E. Winfrey for plaintiff appellant.*

*Underwood Kinsey Warren & Tucker, P.A., by Richard L. Farley, for defendant appellee.*

COZORT, Judge.

Plaintiff Cheri Evans brought this action in small claims court on 30 June 1992 to recover $744.90 from defendant Full Circle Productions, Inc., d/b/a Together, a dating referral service. Plaintiff and Together entered into a contract on 5 September 1991 under which Together would provide plaintiff with twelve dating referrals over a two-year period in exchange for plaintiff's payment of a membership fee. Plaintiff alleges she was induced into entering the contract based on false representations made by an agent of Together. Plaintiff contends the agent told her that Together's clients included a large number of suitably aged professional African-American men in the Winston-Salem area. Plaintiff stated she would not have entered into the contract but for the agent's statements. When plaintiff did not receive the introduction referrals she had anticipated, she contacted Together personnel. Following an unsuc-

EVANS v. FULL CIRCLE PRODUCTIONS

[114 N.C. App. 777 (1994)]

cessful attempt by the parties to arrive at a resolution, plaintiff filed her action, the matter was heard, and judgment for $854.90 was entered in plaintiff's favor on 25 August 1992.

Plaintiff appealed the magistrate's decision to district court. On 12 November 1992, defendant filed an offer of judgment of $1,934.70, pursuant to N.C. Gen. Stat. § 1A-1, Rule 68(a). On 13 November, plaintiff filed a motion to amend her complaint, changing the damages sought from $744.90 to $1,595.00. The defendant filed an amended offer of judgment on 17 November; a similar amended offer of judgment was served on 25 November. The amended offers corrected technical mistakes in the initial offer. On 17 November, plaintiff filed an objection to the defendant's Rule 68(a) offer of judgment. The district court subsequently published its calendar and scheduled for hearing on 7 December the plaintiff's motion to amend and the objection to the offer of judgment.

On 3 December, plaintiff filed a motion to compel discovery, and defendant served a motion for a prosecution bond and a motion for a protective order which included a request for costs. By stipulation of the parties, the defendant's motions were also to be heard on 7 December. Plaintiff filed an acceptance to the second amended offer of judgment on 4 December and filed a motion for attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 on that same date, and notified the district court of her acceptance. Plaintiff communicated her acceptance to defendant and informed defendant's counsel that she now opposed the hearing on her motion for attorney's fees on 7 December. Defendant's attorney expressed his intention of proceeding with the motions which remained on the calendar for 7 December and explained that defendant would also respond to the plaintiff's motion for attorney's fees at that time.

On 7 December, defendant's counsel appeared in court; plaintiff's counsel did not appear. Defendant's counsel related the case history to the trial court, and a futile attempt was made to locate plaintiff's counsel. The trial court nonetheless heard defendant's arguments on its motion for sanctions and its argument in opposition to plaintiff's motion for attorney's fees. Later, the court directed plaintiff's counsel to appear on 9 December and on that date heard argument on plaintiff's motion for attorney's fees; plaintiff's counsel objected pursuant to N.C.R. Civ. P. 6(d). The trial court determined that plaintiff was not a prevailing party under N.C. Gen. Stat. § 75-16.1 and therefore not entitled to attorney's fees. On 21

December 1992, the court issued an order and judgment reflecting its rulings.

[1] Plaintiff first assigns as error on appeal the trial court's decision to overrule her objection pursuant to Rule 6(d) of the North Carolina Rules of Civil Procedure. Rule 6(d) provides, "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court." N.C. Gen. Stat. § 1A-1, Rule 6(d) (1990). Plaintiff claims she did not have notice of the hearing and was inadequately prepared for argument on the motion for attorney's fees.

To establish an error by the trial court for failing to sustain plaintiff's objection, plaintiff must show an actual violation of Rule 6(d) and must demonstrate prejudicial harm as a result. *Jenkins v. Jenkins*, 27 N.C. App. 205, 206, 218 S.E.2d 519, 519 (1975). Here, plaintiff neither can prove an actual violation of Rule 6(d), nor can she point to any prejudice. Plaintiff's argument is nonsensical; she assumes she was entitled to receive notice of a hearing on her own motion. It is clear plaintiff had actual notice of the 7 December hearing, since the hearing was scheduled originally by plaintiff. Furthermore, plaintiff's notice of the hearing was evidenced by the telephone conversation between counsel for the parties during which plaintiff's counsel objected to her motion being heard. And, despite plaintiff's acceptance of the offer of judgment, plaintiff was aware the case remained pending for motions hearing.

In addition to having ample notice of the hearing, plaintiff cannot show she was prejudiced. Plaintiff's counsel appeared on 9 December, and the trial court heard his arguments at that time. Plaintiff's assignment of error is overruled.

[2] Plaintiff's remaining contentions attack the trial court's determination that plaintiff was not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1. N.C. Gen. Stat. § 75-16.1 (1988) states:

In any suit instituted by a person who alleges that the defendant violated § 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:

**EVANS v. FULL CIRCLE PRODUCTIONS**

[114 N.C. App. 777 (1994)]

> (1) The party charged with the violation has willfully en-
> gaged in the act or practice, and there was an unwar-
> ranted refusal by such party to fully resolve the matter
> which constitutes the basis of such suit. . . .

To award attorney's fees under the statute, the trial court must
find: (1) plaintiff is the prevailing party; (2) defendant willfully engaged
in the act at issue; and (3) defendant made an unwarranted refusal
to fully resolve the matter. Even if the requirements are met,
an award of attorney's fees under N.C. Gen. Stat. § 75-16.1 is
in the trial court's discretion.

In the case at bar, the trial court correctly denied the motion
for attorney's fees because plaintiff fails the first requirement of
being the prevailing party. To be a "prevailing party" within the
meaning of N.C. Gen. Stat. § 75-16.1, the plaintiff must prove both
an actual violation of N.C. Gen. Stat. § 75-1.1 and actual injury
to plaintiff as a result of the violation. *Mayton v. Hiatt's Used
Cars, Inc.*, 45 N.C. App. 206, 212, 262 S.E.2d 860, 863, *cert. denied*,
300 N.C. 198, 269 S.E.2d 624 (1980). Where an offer of judgment
is accepted by the plaintiff, there is not a "prevailing party" or
a "losing party." A purpose of N.C.R. Civ. P. 68 is to encourage
compromise and avoid lengthy litigation. *Scallon v. Hooper*, 58
N.C. App. 551, 554, 293 S.E.2d 843, 844, *disc. review denied*, 306
N.C. 744, 295 S.E.2d 480 (1982). Because the rationale behind N.C.R.
Civ. P. 68 is to encourage a voluntary, mutual settlement, both
parties may consider themselves prevailing parties. Furthermore,
when a case is settled, there is no admission or judgment of liability
by defendant; we cannot say that an actual violation under N.C.
Gen. Stat. § 75-1.1 has occurred.

We acknowledge that the statute, as it now stands, potentially
poses a dilemma for plaintiffs who have to choose either to accept
the offer of judgment and lose the opportunity to recover attorney's
fees, or in the alternative, reject the offer of judgment and have
to pay her attorney and possibly costs of defendant's counsel. On
the other hand, we also recognize that the statute apparently has
been designed to award attorney's fees in extreme cases, since
even when the statutory requirements are met, an award of at-
torney's fees is within the trial court's discretion. Unfortunately,
in this case the attorney's fees incurred by plaintiff exceeded her
recovery in the settlement. However, nothing prevented plaintiff
from bargaining for attorney's fees as part of the Rule 68 offer

of judgment. So long as costs and attorney's fees, if separately designated, are specifically provided for in the offer of judgment, such judgment will be upheld. *See Aikens v. Ludlum*, 113 N.C. App. 823, 440 S.E.2d 319 (1994). Consequently, plaintiff does not meet the initial requirement of being a "prevailing party" under the statute to justify an award of attorney's fees. The trial court's judgment is

Affirmed.

Judges GREENE and WYNN concur.