MARTIN & LOFTIS CLEARING & GRADING, INC., Plaintiff v. SAIEED CONSTRUC-
TION SYSTEMS CORP. and HARTFORD FIRE INSURANCE COMPANY,
Defendants

No. COA04-363

(Filed 15 February 2005)

**Costs— attorney fees—offer of judgment accepted**

The trial court erred in a breach of contract and claim for an enforcement of a lien case by awarding plaintiff subcontractor attorney fees after an offer of judgment was accepted under N.C.G.S. § 44A-35, because: (1) under N.C.G.S. § 44A-35, neither party is a prevailing party and therefore cannot recover attorney fees; (2) given the rationale behind an offer of judgment, the disallowance of attorney fees under N.C.G.S. § 44A-35 when an offer of judgment is made and accepted does not thwart the remedial nature of the statute; and (3) nothing precludes the parties from negotiating the inclusion of attorney fees in the offer of judgment.

Appeal by defendants from judgment entered 19 December 2003 by Judge Orlando F. Hudson, Jr. in Person County Superior Court. Heard in the Court of Appeals 3 November 2004.

*Bugg & Wolf, P.A., by Bonner E. Hudson, III, for plaintiff-appellee.*

*Safran Law Offices, by John M. Sperati; Taylor Penry Rash & Riemann, P.L.L.C., by J. Anthony Penry and Cynthia A. O'Neal, for defendant-appellants.*

HUNTER, Judge.

Saieed Construction Systems Corporation ("defendant"), presents the following issues for our consideration: Whether the trial court (I) erroneously awarded plaintiff attorneys' fees as the plaintiff was not a prevailing party under N.C. Gen. Stat. § 44A-35; and (II) erroneously awarded plaintiff attorneys' fees because the finding that

**MARTIN & LOFTIS CLEARING & GRADING, INC. v. SAIEED CONSTR. SYS. CORP.**

[168 N.C. App. 542 (2005)]

defendants unreasonably refused to resolve the matter was unsupported by the evidence. After careful review, we reverse the trial court's award of attorneys' fees.

Defendant was the general contractor for the construction of a restaurant in Yanceyville, North Carolina. Defendant subcontracted with Martin & Loftis Clearing & Grading, Inc. ("plaintiff"), to perform the grading and landscaping work. Defendant terminated the subcontract with plaintiff and hired another subcontractor to complete the work.

Plaintiff filed a complaint against defendant alleging, *inter alia,* breach of contract and a claim for an enforcement of a lien. Defendant answered and filed a counterclaim for breach of contract. Prior to trial, defendant served an Offer of Judgment pursuant to N.C.R. Civ. P. 68 on plaintiff. The Offer of Judgment offered to have judgment taken against it for the sum of $19,500.00 together with costs accrued at the time the offer was filed. On 20 November 2003, plaintiff accepted the Offer of Judgment, and on 21 November 2003, plaintiff filed the Offer of Judgment and the Acceptance of the Offer of Judgment with the trial court. On the same day, plaintiff moved for costs and attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35 and N.C.R. Civ. P. 68. On 19 December 2003, the trial court entered a judgment against defendant in the amount of $19,500.00, plus $593.73 in court costs and $10,358.35 in attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35, plus interest. Defendant appeals.

Defendant first contends plaintiff was not a prevailing party under N.C. Gen. Stat. § 44A-35 (2003), which states:

In any suit brought or defended under the provisions of Article 2 or Article 3 of this Chapter, the presiding judge may allow a reasonable attorneys' fee to the attorney representing the prevailing party. This attorneys' fee is to be taxed as part of the court costs and be payable by the losing party upon a finding that there was an unreasonable refusal by the losing party to fully resolve the matter which constituted the basis of the suit or the basis of the defense. For purposes of this section, "prevailing party" is a party plaintiff or third party plaintiff who obtains a judgment of at least fifty percent (50%) of the monetary amount sought in a claim or is a party defendant or third party defendant against whom a claim is asserted which results in a judgment of less than fifty percent (50%) of the amount sought in the claim defended. Notwithstanding the foregoing, in the event an offer of

544 IN THE COURT OF APPEALS

MARTIN & LOFTIS CLEARING & GRADING, INC. v. SAIEED CONSTR. SYS. CORP.

[168 N.C. App. 542 (2005)]

judgment is served in accordance with G.S. 1A-1, Rule 68, a "prevailing party" is an offeree who obtains judgment in an amount more favorable than the last offer or is an offeror against whom judgment is rendered in an amount less favorable than the last offer.

*Id.* Defendant contends that plaintiff was not a prevailing party under N.C. Gen. Stat. § 44A-35 because plaintiff accepted the offer of judgment.

In *Evans v. Full Circle Productions*, 114 N.C. App. 777, 443 S.E.2d 108 (1994), this Court stated:

Where an offer of judgment is accepted by the plaintiff, there is not a "prevailing party" or a "losing party." A purpose of N.C.R. Civ. P. 68 is to encourage compromise and avoid lengthy litigation. Because the rationale behind N.C.R. Civ. P. 68 is to encourage a voluntary, mutual settlement, both parties may consider themselves prevailing parties. Furthermore, when a case is settled, there is no admission or judgment of liability by defendant . . . .

*Id.* at 781, 443 S.E.2d at 110 (citation omitted). Plaintiff contends this case is inapposite because the *Evans* court ruled on whether the *Evans* plaintiff was a "prevailing party" as it applied in a Chapter 75 claim. However, in *Reinhold v. Lucas*, 167 N.C. App. 735, 606 S.E.2d 412 (2005), this Court indicated that even though a case may not involve Chapter 75 of our General Statutes, the principles regarding what constitutes a prevailing party is the same.

Plaintiff also argues *Evans* does not apply to this case because N.C. Gen. Stat. § 44A-35 "clearly defines 'prevailing party' as a Plaintiff that recovers at least fifty percent of the amount sought."

Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning. But where a statute is ambiguous, judicial construction must be used to ascertain the legislative will. The primary rule of construction of a statute is to ascertain the. intent of the legislature and to carry out such intention to the fullest extent. This intent "must be found from the language of the act, its legislative history and the circumstances surrounding its adoption which throw light upon the evil sought to be remedied."

MARTIN & LOFTIS CLEARING & GRADING, INC. v. SAIEED CONSTR. SYS. CORP.

[168 N.C. App. 542 (2005)]

*Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136-37 (1990) (citations omitted).

N.C. Gen. Stat. § 44A-35 does state:

> For purposes of this section, "prevailing party" is a party plaintiff or third party plaintiff who obtains a judgment of at least fifty percent (50%) of the monetary amount sought in a claim or is a party defendant or third party defendant against whom a claim is asserted which results in a judgment of less than fifty percent (50%) of the amount sought in the claim defended.

*Id.* However, the next sentence states:

> *Notwithstanding the foregoing*, in the event an offer of judgment is served in accordance with G.S. 1A-1, Rule 68, a "prevailing party" is an offeree who obtains judgment in an amount more favorable than the last offer or is an offeror against whom judgment is rendered in an amount less favorable than the last offer.

*Id.* (emphasis added). The introductory phrase "notwithstanding the foregoing" indicates the statutory language prior to the sentence should not apply to the subject matter following the introductory phrase. *See* Black's Law Dictionary 1094 (8th ed. 2004) (defining notwithstanding as "[d]espite; in spite of"), *see also* The American Heritage College Dictionary 532 (3rd ed. 1997) (defining foregoing as "[s]aid, written, or encountered just before; previous"). Therefore, the definition of prevailing party in N.C. Gen. Stat. § 44A-35 which states " 'prevailing party' is an offeree who obtains judgment in an amount more favorable than the last offer or is an offeror against whom judgment is rendered in an amount less favorable than the last offer" is applicable to this case, and thus under *Evans*, as interpreted by *Reinhold*, neither party was a prevailing party.

Plaintiff also argues our Supreme Court's decision in *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973) allows an award of attorneys' fees when a party accepts an offer of judgment, if the statutory requirements are established. Based upon the decision in *Hicks*[1], plaintiff first contends that N.C. Gen. Stat. § 44A-35 is a remedial statute that must be liberally construed, and that under a liberal construction, attorneys' fees should be allowed as part of the court costs.

---

1. Plaintiff also cites the case of *Hill v. Jones*, 26 N.C. App. 168, 215 S.E.2d 168 (1975). This Court in *Hill* relied upon our Supreme Court's decision in *Hicks v. Albertson* in stating N.C. Gen. Stat. § 6-21.1 is a remedial statute.

546     IN THE COURT OF APPEALS

MARTIN & LOFTIS CLEARING & GRADING, INC. v. SAIEED CONSTR. SYS. CORP.

[168 N.C. App. 542 (2005)]

Plaintiff argues N.C. Gen. Stat. § 44A-35 is remedial in nature because a statute that creates an exception to the general rule that attorneys' fees are not allowable as part of the costs in civil actions is a remedial statute. Therefore, plaintiff contends that because N.C. Gen. Stat. § 44A-35 provides for attorneys' fees as part of costs in lien and bond enforcement suits, it is remedial.

" 'A remedial statute . . . is for the purpose of adjusting the rights of the parties as between themselves in respect to the wrong alleged.' " *Edminsten, Attorney General v. Penney Co.*, 292 N.C. 311, 319, 233 S.E.2d 895, 900 (1977) (citation omitted); *see also Byrd v. Johnson*, 220 N.C. 184, 16 S.E.2d 843 (1941) (discussing principles regarding remedial statutes) *and* Black's Law Dictionary 1449 (8th ed. 2004) (defining a remedial statute as "[a] law that affords a remedy"). "As a general rule, in the absence of some contractual obligation or statutory authority, attorney fees may not be recovered by the successful litigant as damages or a part of the court costs." *Washington v. Horton*, 132 N.C. App. 347, 349, 513 S.E.2d 331, 333 (1999) (citing *Hicks v. Albertson*, 284 N.C. 236, 238, 200 S.E.2d 40, 42). By allowing the recovery of attorneys' fees, N.C. Gen. Stat. § 44A-35 creates an exception to the general rule that attorneys' fees are not recoverable. Thus, the statute is remedial in nature, and must be liberally construed. *See Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (indicating remedial statutes are to be liberally construed to accomplish the purpose of the legislature).

As explained, however, under N.C. Gen. Stat. § 44A-35, certain requirements must be established prior to an award of attorneys' fees being allowed. One of these requirements is that the party seeking attorneys' fees must be a prevailing party, and N.C. Gen. Stat. § 44A-35 has a specific definition for what constitutes a prevailing party when an offer of judgment has been made. This Court has held that "[w]here an offer of judgment is accepted by the plaintiff, there is not a 'prevailing party' or a 'losing party.' " *Evans*, 114 N.C. App. at 781, 443 S.E.2d at 110.

Nonetheless, plaintiff argues that under a liberal construction of N.C. Gen. Stat. § 44A-35, an offeree can be a prevailing party if its recovery is at least fifty percent of the amount sought, despite acceptance of an offer of judgment, as long as it had not previously rejected a more generous offer of judgment. Plaintiff contends to hold otherwise would allow a recalcitrant defendant to unreasonably refuse to settle a matter in which liability was clear, causing the plaintiff to expend substantial sums in pursuing the litigation, and delaying the

resolution of the matter until immediately before trial. Plaintiff argues the recalcitrant defendant could then avoid the imposition of his opponent's attorneys' fees by submitting an offer of judgment in the amount owed on the very eve of trial, which would prevent the trial court from awarding attorneys' fees under N.C. Gen. Stat. § 44A-35. However, as explained, the rationale behind an offer of judgment under N.C.R. Civ. P. 68 "is to encourage compromise and avoid lengthy litigation. [Therefore b]ecause the rationale behind N.C.R. Civ. P. 68 is to encourage a voluntary, mutual settlement, both parties may consider themselves prevailing parties." *Evans*, 114 N.C. App. at 781, 443 S.E.2d at 110. Given the rationale behind an offer of judgment, we conclude the disallowance of attorneys' fees under N.C. Gen. Stat. § 44A-35 when an offer of judgment is made and accepted does not thwart the remedial nature of the statute. Moreover, nothing in this opinion precludes the parties from negotiating the inclusion of attorneys' fees in the offer of judgment.

Finally, plaintiff argues that in *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40, our appellate courts allowed attorneys' fees to be awarded as a part of costs after an offer of judgment was accepted. However, in *Hicks*, neither the Court of Appeals nor our Supreme Court addressed whether a party could be considered a prevailing party when an offer of judgment was accepted. Indeed, in *Hicks*, our Supreme Court was analyzing N.C. Gen. Stat. § 6-21.1 which does not utilize the term "prevailing party." Moreover, there is no indication in *Hicks* that our Supreme Court or the parties involved considered the propriety of awarding attorneys' fees when the parties have settled the action by an offer of judgment.

In sum, based upon this Court's opinion in *Evans*, 114 N.C. App. 777, 443 S.E.2d 108, and our interpretation of N.C. Gen. Stat. § 44A-35, we conclude that when an offer of judgment is accepted under N.C. Gen. Stat. § 44A-35, neither party is a prevailing party and therefore can not recover attorneys' fees. Thus it is unnecessary to address defendant's remaining issue that the trial court erroneously awarded plaintiff attorneys' fees because the finding that defendants' unreasonably refused to resolve the matter was unsupported by the evidence.

Reversed.

Judges CALABRIA and LEVINSON concur.