An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-906

Filed 6 May 2026

Wake County, No. 23SP001346-910

IN THE MATTER OF THE ADOPTION OF:

Z.N.D., a minor child.

Appeal by respondent-father from orders entered 16 January 2024 and 2 October 2024 by Judge Debra S. Sasser in Wake County District Court. Heard in the Court of Appeals 26 March 2026.

*Sydney Batch for appellant-respondent-father.*

*Connell & Gelb PLLC, by Michelle D. Connell, for petitioner-appellee.*

ARROWOOD, Judge.

Respondent-father ("respondent") appeals from the trial court's order denying his objection to adoption and finding that his consent was not required, as well as the trial court's subsequent order denying his motion for a new trial, motion to amend the findings, motion to set aside, and motion to stay. For the following reasons, we affirm the trial court's orders.

I.     Background

Zeke[1] was born on 27 November 2021. He was conceived via artificial insemination using respondent's sperm. The parents listed on his birth certificate were his biological mother ("mother") and her spouse, petitioner ("petitioner"). On 21 February 2023, petitioner filed a Petition for Adoption of Minor Child (Stepparent) regarding Zeke. On 9 March 2023, petitioner amended the petition and filed a Motion for Finding that Consent of Biological Parent Is Not Required.

On 2 June 2023, the Clerk of Court entered an Order That Consent of Biological Parent Is Not Required. The order found that respondent was served with notice of the adoption via mail on 17 April 2023 and he had failed to respond. Additionally, the Clerk of Court found that respondent had not preserved his parental rights which would make his consent to the adoption required by N.C.G.S. § 48-3-601(2). Petitioner then amended the petition for a second time on 18 August 2023.

On 26 September 2023, respondent filed an Objection, Motion to Consolidate, Motion to Stay, and Motion to Dismiss the petition. He alleged that he had not been served with or received notice of any adoption pleadings. A hearing on the objection before the Wake County District Court was calendared for 9 November 2023. Respondent requested a continuance and the matter was continued to 14 December 2023 and heard by Judge Debra Sasser. The notice of hearing was filed on 11 December 2023.

---

[1] A pseudonym is used to protect the identity of the minor child.

At the 14 December 2023 hearing, respondent's attorney, Nastasia Watkins, appeared without him. Watkins requested another continuance because she did not receive formal notice of the hearing until three days prior and respondent was unable to leave work and attend the hearing. The trial court denied her motion for a continuance. At the hearing, Watkins learned that petitioner had provided the trial court with proof of service of notice of the adoption with respondent's signature. She thereafter withdrew respondent's Motion to Consolidate, Motion to Stay, and Motion to Dismiss. Accordingly, the trial court proceeded with the hearing on the merits of respondent's Objection.

On 16 January 2024, the trial court entered an Order Denying Respondent's Objection to Adoption and Confirming That Consent of Biological Father Is Not Required. The trial court found that respondent properly received notice of the adoption on 17 April 2023 and did not file or otherwise respond to the notice within 30 days. Additionally, the trial court found that respondent had failed to take the actions necessary for his consent to be required before the adoption could proceed.

On 25 January 2024, respondent filed a Rule 60 Motion requesting a new trial and an amendment to the trial court's findings. In the motion, respondent argued that the trial court lacked personal jurisdiction in part because he was not properly served with notice of the adoption. On 22 March 2024, respondent filed a Motion to Recuse, requesting that Judge Sasser recuse herself from the case. A hearing on the Motion to Recuse was held on 22 May 2024 by a different judge and was denied.

Judge Sasser then conducted a hearing on the Rule 60 motion the same day.

Respondent was present at the 22 May 2024 hearing and testified that on the alleged date of service, he no longer resided at the address at which notice of the adoption was served. He claimed that he did not sign the receipt attached to petitioner's Affidavit of Service. Additionally, he testified that he was unaware that Watkins had continued the case in November and did not know the date of the December hearing until a few days prior.

At the conclusion of the hearing on the Rule 60 Motion, the trial court requested that each party deliver case authority on the issue of whether respondent waived his personal jurisdiction challenges when his attorney actively participated in the 14 December 2023 hearing. On 2 October 2024, the trial court entered an order denying respondent's Rule 60 motion and finding, in part, that the trial court had personal jurisdiction over respondent. Respondent filed notice of appeal to this Court on 29 October 2024.

## II.     Discussion

On appeal, respondent argues that he received ineffective assistance of counsel in the adoption matter filed by petitioner and that the trial court abused its discretion by denying his motion to continue the 14 December 2023 hearing. For the following reasons, we affirm the trial court's order.

### A.     Ineffective Assistance of Counsel

Respondent contends that his counsel's performance in the adoption matter

- 4 -

was deficient because she dismissed his improper service argument without consulting respondent and participated in the 14 December 2023 hearing without respondent present. He argues that his attorney's deficient performance was prejudicial because evidence in the record suggests that respondent may have succeeded on his improper service argument. However, we hold that respondent cannot prevail on an ineffective assistance of counsel claim because he has not demonstrated that he had a right to counsel in the adoption proceedings.

" '[T]he right to counsel is the right to the effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)); *see also State v. Braswell*, 312 N.C. 553, 561 (1985). This principle applies both to constitutional rights to counsel and statutory rights to counsel. *See Strickland*, 466 U.S. at 685–86; *see also In re Bishop*, 92 N.C. App. 662, 664–65 (1989). When considering ineffective assistance of counsel claims on direct appeal, we apply a de novo standard of review. *State v. Wilson*, 236 N.C. App. 472, 475 (2014) (citation omitted).

Constitutional rights to counsel are derived from the Sixth Amendment and the Due Process Clause of the United States Constitution and their state constitutional counterparts, N.C. art. I, §§ 19 and 23. *See Turner v. Rogers*, 564 U.S. 431, 441–42 (2011); *State v. Harvin*, 382 N.C. 566, 584 (2022). The Sixth Amendment to the United States Constitution guarantees the right to counsel only in criminal cases. *Turner*, 564 U.S. at 441. The Due Process Clause provides a right to counsel

in some civil matters where the right to counsel is necessary "in order to make a civil proceeding fundamentally fair." *Id.* at 442–44; *see also Small v. Britt*, 64 N.C. App. 533, 536 (1983) ("[A] due process right to appointed counsel in a civil case arises only if needed to insure fundamental fairness (because of the complexity of the case or the party's inability to speak for himself).").

The "specific dictates of due process," including whether the Due Process Clause requires a right to counsel, is determined by examining "distinct factors." *Turner*, 564 U.S. at 444 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). These factors include 1) the private interest affected; 2) the probable value of additional or substitute safeguards; and 3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. The right to counsel is generally applied in civil cases where there is an important private interest at stake such as the deprivation of personal liberty through imprisonment. *See Turner*, 564 U.S. at 442–45.

North Carolina grants a statutory right to counsel in civil cases such as involuntary commitment pursuant to N.C.G.S. § 122C-268(d) (2025), termination of parental rights pursuant to N.C.G.S. § 7B-1101.1 (2025), and abuse, neglect, or dependency of a juvenile pursuant to N.C.G.S. § 7B-602 (2025). In each of these statutes, the right to counsel, including appointment of counsel in cases of indigency, is explicitly stated. N.C.G.S. § 122C-268(d) ("The respondent shall be represented by

counsel of his choice; or . . . shall be represented by counsel appointed in accordance with rules adopted by the Office of Indigent Defense Services."); N.C.G.S. § 7B-1101.1(a) ("The parent has the right to counsel, and to appointed counsel in cases of indigency[.]"); N.C.G.S. § 7B-602(a) ("[T]he parent has the right to counsel and to appointed counsel in cases of indigency[.]"). Chapter 48, Article 2 of the North Carolina General Statutes governs adoption procedure and provides for the appointment of an attorney to represent "a parent or alleged parent who is unknown or whose whereabouts are unknown and who has not responded to notice of the adoption proceeding" but does not otherwise provide a right to counsel. *See* N.C.G.S. § 48-2-201(a) (2025).

Here, respondent cites no statutory authority granting a right to counsel for biological parents in adoption proceedings. Nor does respondent provide any case law or argument that the Due Process Clause requires that biological parents be provided counsel in adoption proceedings. At the 22 May 2024 hearing, respondent mentioned receiving a letter from an appointed attorney representing him in a termination of parental rights claim, but the record does not contain any petitions or pleadings regarding the termination of respondent's parental rights. Accordingly, the record also does not support an assertion of a right to counsel under N.C.G.S. § 7B-1101.1 in this matter. Since respondent does not cite any authority granting him the right to counsel, we hold that his ineffective assistance of counsel claim fails.

B. <u>Motion to Continue</u>

Respondent also argues that the trial court abused its discretion by denying his motion to continue the 14 December 2023 hearing because it deprived him of the required notice under the Rules of Civil Procedure. Specifically, respondent contends that he received insufficient notice of the 14 December 2023 hearing and consequently was unable to put forth evidence that he was not properly served in the adoption proceedings. Additionally, respondent argues that the trial court should not have proceeded with the hearing where the proof of service of notice of the adoption filing had not been filed by petitioner.

"'Ordinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review.'" *In re C.A.B.*, 381 N.C. 105, 112 (2022) (quoting *State v. Walls*, 342 N.C. 1, 24 (1995)). "An abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *In re S.M.*, 375 N.C. 673, 679 (2020) (cleaned up). However, if the motion is based on a constitutional right, "'the order of the court is reviewable' de novo." *In re C.A.B.*, 381 N.C. at 112 (quoting *State v. Baldwin*, 276 N.C. 690, 698 (1970)). A reviewing court will only review the denial of the motion de novo if the movant "'assert[ed] before the trial court that a continuance was necessary to protect a constitutional right.'" *Id.* (quoting *In re S.M.*, 375 N.C. at 679). "Moreover, '[r]egardless of whether the motion raises a constitutional issue or not, a denial of a motion to continue is only grounds for a new trial when defendant shows both that

- 8 -

the denial was erroneous, and that he suffered prejudice as a result of the error.' " *In re A.L.S.*, 374 N.C. 515, 517 (2020) (quoting *Walls*, 342 N.C. at 24–25).

Notice of a hearing on a written motion "shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court." N.C.G.S. § 1A-1, Rule 6(d) (2025). Additionally, proof of service of notice of adoption proceedings "must be filed with the court before the hearing on the adoption begins." N.C.G.S. § 48-2-407 (2025). "[T]o preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). In accordance with Rule 10, this Court has held that grounds to support a motion to continue that are raised for the first time on appeal are not preserved for review. *In re C.M.P.*, 254 N.C. App. 647, 652 (2017).

Here, while respondent argues on appeal that the denial of his motion to continue implicates his constitutional parental rights, respondent did not assert a constitutional basis for his motion to continue before the trial court. Accordingly, we review the trial court's denial of respondent's motion to continue for abuse of discretion.

Respondent was initially provided notice of hearing on his objection and motions concerning Zeke's adoption on 4 October 2023. The hearing was originally scheduled for 9 November 2023. However, respondent requested a continuance on

27 October 2023. Counsel for both respondent and petitioner appeared in court on 31 October 2023 via WebEx, where the new hearing date of 14 December 2023 was announced. Respondent requested that the hearing be conducted via WebEx and the trial court denied the request.

Though the notice of hearing was not formally filed until 11 December 2023, respondent's counsel acknowledged at the 14 December hearing that the trial court had previously provided the new hearing date when the original motion to continue was heard. Additionally, while respondent's counsel argued that she did not have necessary information from the file, such as the signed notice, the trial court explained that counsel could have filed requests for that information and failed to do so. Respondent did not argue before the trial court that the hearing should be continued because the proof of service had not been filed. Finally, in response to respondent's request for a continuance, petitioner's counsel told the trial court that both parties had confirmed via email that they could be prepared for the hearing on 14 December 2023.

When denying respondent's motion to continue, the trial court explained that respondent should have made arrangements to be present at the 14 December 2023 hearing, particularly since his request for a WebEx hearing had been denied. Given that the trial court provided actual notice of the 14 December 2023 hearing on 31 October 2023, the trial court's decision to deny the continuance based on respondent's absence was not arbitrary or unsupported by reason. *See Evans v. Full*

*Circle Prods., Inc.*, 114 N.C. App. 777, 780 (1994) (finding no error where plaintiff had actual notice of the hearing on their own motion).

Additionally, since respondent did not argue before the trial court that the hearing should be continued because the proof of service had not been filed, that argument is waived on appeal. To the extent that respondent preserved an argument that the hearing should be continued because respondent's counsel had not seen the filings in the matter, the trial court reasoned that respondent's counsel should have requested the information. Accordingly, we conclude that the trial court did not abuse its discretion in denying petitioner's motion to continue.

## III.    Conclusion

For the foregoing reasons, we affirm the trial court's orders.

AFFIRMED.

Judges GORE and MURRY concur.

Report per Rule 30(e).